**Entered on Docket**
**September 05, 2013**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

STEVE RUEHMANN,                                                       Misc. No. 13-103

                   Attorney.

_____/

Memorandum re Attorney Misconduct
_____

       Attorney Stephen C. Ruehmann has been representing debtors in this district for several years. A review of his cases since January of 2012 shows an unusual mix. During that time, Ruehmann has filed 31 Chapter 7 cases, most or all of which appear to be legitimate and properly prosecuted cases. However, during the same period he has filed 18 Chapter 13 cases, at least 15 of which were clearly bad faith filings.

       The bad faith filings are easy to spot. The only papers ever filed are the absolute minimum needed to commence a bankruptcy case: a petition, a list of creditors, and a statement of social security number. No other papers are ever filed. No court appearance is ever made. Most tellingly, only a single creditor is listed on the list of creditors, despite the requirement of Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure that the list include all creditors.

       Since the collapse of the housing market, most bankruptcy courts in this area have been deluged with bad faith filings by debtors desperate to forestall foreclosure for the few weeks it takes an

1

overburdened clerk's office to process a dismissal. However, virtually all of these filings are by debtors *in pro se*, as the filing of such cases involves practices forbidden by federal law and California Rules of Professional Conduct. Chief among these are Rule 9011(b)(1) of the Federal Rules of Bankruptcy Procedure, which prohibits filing a petition for an improper purpose; Rule 9011(b)(3), which prohibits filings containing knowingly false information; and Rule 3-200(A) of the California State Bar Rules of Professional Conduct, which forbids an attorney from accepting employment if the attorney knows that the objective of such employment is to bring an action without probable cause and for the purpose of harassing or malicious injuring another person.

Ruehmann's improper conduct goes well beyond violating the above rules in most of his Chapter 13 cases. In all of his bad faith cases, he failed to file a disclosure of this fees as required by § 329(a) of the Bankruptcy Code and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure. Worse, of the nine cases filed in this division identified as having all the hallmarks of a bad faith filing, Ruehmann was unable to produce the original signature of his client upon the court's request in eight of them, in violation of B.L.R. 5005-2(c).[1]

Ruehmann's explanations for his conduct are disturbing. First, he constantly referred to his law practice as "we" or "us" when referring to his practice when it appears from the records that he is a sole practitioner. He is unable to produce the original copies of many petitions he supposedly filed, offering only feeble excuses. He blames his bad faith filings on his three "case managers," two of

---

[1] Local Rule 5005-2(c) provides: "The electronic filing of a document purportedly signed by someone other than the Registered Participant, including but not limited to the petition, statement of financial affairs, and schedules of assets and liabilities, shall be deemed a certification by the Registered Participant that he or she has the document in question, bearing the person's original signature, in his or her physical possession. The Registered Participant must produce the original signed document on request by the Court and the Registered Participant shall retain the document bearing the original signature until five years after the case or adversary proceeding in which the document was filed is closed."

Those cases in which Ruehmann violated the rule are 12-10825, 12-10970, 12-11103, 12-11119, 12-11853, 12-12870, 12-12950, and 12-3205. The court did not request Ruehmann to produce signed petitions for cases filed in other divisions.

whom Ruehmann says he has terminated. Ruehmann admits to lax supervision on his part, but the court is concerned that something more serious has occurred. Rule 1-300(A) of the State Bar rules prohibits aiding a person in the unauthorized practice of law, Rule 1-310 prohibits partnership with a non-lawyer and Rule 1-320(A) prohibits sharing fees with a non-lawyer. While the court has no investigative powers and cannot sanction Ruehmann for mere suspicions, the court is concerned that Ruehmann has lent his ECF login and password to nonlawyer "case managers," and that something more than lax supervision of an employee has been going on.

Regardless of the exact nature of his relationship with his "case managers," Ruehmann is responsible for everything done in his name. The court finds that Ruehmann has engaged in willful misconduct by filing cases for an improper purpose, filing cases with false lists of creditors, failing to properly maintain original signed petitions, and failure to file fee disclosures. In mitigation, it appears that Ruehmann has no prior record of public discipline, is contrite and has ceased his improper filings. The court will accordingly assess the following sanctions:

1. Ruehmann shall review all of his bankruptcy cases filed in the Northern District of California since January 1, 2010. In each and every case in which he did not file a fee disclosure, he shall file a proper fee disclosure which shall disclose all payments made to Ruehmann or his employees within one year of the filing. Where a case has been closed, Ruehmann shall apply for its reopening and pay the reopening fee in each such case. Ruehmann shall attach a copy of this Memorandum to each application to reopen. All fee disclosures shall be filed within 60 days. Each fee disclosure shall be served on the U.S. Trustee. Proof of compliance shall be filed in this Miscellaneous Case within 60 days.

2. Ruehmann shall pay a fine to the Clerk of the Court in the amount of $8,000.00 on account of the eight identified cases where he failed to produce the original signed copy of the petition. This fine shall be paid within 60 days and proof of compliance shall be filed in this Miscellaneous Case.

3. For repeatedly and willfully filing bankruptcy cases only to inhibit lawful activity by a single secured creditor and filing false creditor lists, the court will fine Ruehmann the sum of

$15,000.00.  Provided, however, that this fine will be stayed so long as Ruehmann ceases and desists from such conduct in the future and otherwise complies with the terms of the order the court will enter.

The sanctions issues above are made without prejudice to such other and further sanctions individual judges may assess in cases assigned to them, as well as any disciplinary action the District Court may take.  The Clerk of the Court shall serve a copy of this Memorandum and its associated order on the U.S. Trustee, the Chief Judge of the District Court, the Chief Bankruptcy Judge for the Eastern District of California, and the California State Bar.  A separate order will be entered.

Dated:  September 5, 2013

Alan Jaroslovsky
Chief Bankruptcy Judge

4